**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ABUDUKADIER KAZIMU,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 2:26-cv-04283-JDW** |
| | : | |
| **MUNICIPAL COURT OF** | : | |
| **PHILADELPHIA COUNTY,** ***et al.*****,** | : | |
| **Defendants.** | : | |

## MEMORANDUM

Abudukadier Kazimu asserts claims against various defendants based on a conviction in state court and things that happened to him while he was in prison. He asserts claims against the Municipal Court of Philadelphia County, the Philadelphia Department of Prisons, the Philadelphia District Attorney's Office, George Smith Towing, Inc., and Terra Insurance Services. I will grant him leave to proceed *in forma pauperis* and dismiss his Complaint, partly with prejudice and partly without prejudice. For the parts that I dismiss without prejudice, I will give him a chance to file an amended complaint.

## I. FACTUAL ALLEGATIONS

According to publicly available dockets,[1] Mr. Kazimu was arrested in July 2024 and found guilty of numerous summary offenses on July 2, 2025. *See Commonwealth v. Kazimu*, No. MC-51-SU-0002843-2024 (Phila. Muni. Ct.). On July 2, 2025, Municipal Court

[1] I can take judicial notice of publicly available state court dockets. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

Judge William Austin Meehan, Jr. imposed a sentence of 120 days imprisonment, and Mr. Kazimu was committed to the Philadelphia Department of Prisons on December 17, 2025.

Mr. Kazimu claims that his conviction was wrongful and that he lost all of his property as a result. He also claims that his human rights were violated while he was in prison and that a prison social worker lied to him. IN addition, he says that several prison guards conspired with prison inmates to frame him and instigated other inmates to beat him. He says that he suffers physical assaults that left his face swollen and caused him pain.

Mr. Kazimu seeks monetary damages for his time in prison and demands that prison guards be punished. He also seeks the return of his car and its contents from the George Smith Towing Company and seeks to assert a claim to file an insurance claim with Erie Insurance Company based on the fact that Erie continued to collect car insurance premiums from him while he was incarcerated.

## II. STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of her suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Pursuant to that standard, I must determine whether

the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*,, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III. DISCUSSION

### A. *In Forma Pauperis*

Mr. Kazimu has complete the required forms and attested under penalty of perjury that he lacks the income and assets to pay the required filing fees. I will therefore grant him leave to proceed *in forma pauperis*.

### B. Constitutional Claims

Because Mr. Kazimu alleges a violation of his "human rights," I construe his Complaint as asserting constitutional claims pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

**1. Claims against the Municipal Court of Philadelphia County**

States are not considered "persons" who may be liable under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). In addition, the Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity. *See id.* The Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). The Municipal Court of Philadelphia, a division of the First Judicial District of Pennsylvania, is an arm of the Commonwealth and therefore shares in the Commonwealth's Eleventh Amendment immunity. *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). It also is not a "person" subject to liability under § 1983. *See Burford v. Delaware County*, No. 19-0577, 2019 WL 7048796, at *4 (E.D. Pa. Dec. 20, 2019). I will therefore dismiss Mr. Kazimu's claims against the Municipal Court of Philadelphia with prejudice.

**2. Claims against the Philadelphia Department of Prisons**

City departments are not suable entities under § 1983 because they do not have a separate legal existence from the City of Philadelphia. *See Vurimindi v. City of Philadelphia*, No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010). Because the Philadelphia Department of Prisons is not subject to suit for purposes of § 1983, Mr. Kazimu's claims against it are not plausible, and I will dismiss them with prejudice.

Even if Mr. Kazimu had named a proper defendant, he has not alleged a basis to hold the City or its agency liable. A municipality or any other suable municipal entity, is

not vicariously liable under § 1983 for the acts of its employees, meaning a municipality is not liable simply because its employee commits a constitutional violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *Monell*, 436 U.S. at 694. The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). It is not enough, however, to allege the existence of a policy or custom. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)). This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. *Id.* "It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim." *See Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013).

Mr. Kazimu has not alleged anything suggesting that his injuries resulted from some municipal policy, practice or custom. He has not identified who was involved, what happened, or the policy, practice, or custom that might give rise to municipal liability.

### 3. Claims against the Philadelphia District Attorney's Office

To the extent the Philadelphia District Attorney's Office is an entity capable of suit under § 1983, Mr. Kazimu has not stated a claim against the office because he has neither

alleged a specific policy or custom that caused the alleged violations of his rights. I will therefore dismiss the claims against the Philadelphia District Attorney's Office.

### 4. Claims against private entities

Whether a private entity is acting under color of state law—*i.e.*, whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

"Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999). Rather, to support a finding of state action, "the government must be 'responsible for the specific conduct of which the plaintiff complains.'" *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). "A private party 'who

corruptly conspire[s]' with a state official will be considered a state actor under § 1983." *Kitko v. Young*, 575 F. App'x 21, 26 (3d Cir. 2014) (*per curiam*) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175-76 (3d Cir. 2010)). However, "to properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co.*, 615 F.3d at 178. "[A] bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Mr. Kazimu has not alleged facts to support a plausible conclusion that George Smith Towing or Terra Insurance Services (or any other private entity) meet any of the foregoing tests, and nothing in the Complaint suggests any factual or legal basis for concluding that George Smith Towing, Inc. and Terra Insurance Services are state actors who could be held liable under § 1983. *See, e.g., Webb v. Hillside Mun. Police Dep't*, No. 25-1026, 2025 WL 1899560, at *5 (D.N.J. July 8, 2025). Therefore, I will dismiss the claims against those entities.

**B. State Law Claims**

It is unclear from the Complaint whether Mr. Kazimu intends to assert any state law claims. However, because I am dismissing his federal claims, I will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. And, because it appears that Mr. Kazimu and the Defendants are citizens of Pennsylvania, there is no

independent basis for the Court to have jurisdiction over those claims. I will therefore dismiss any state law claims without prejudice.

## IV. CONCLUSION

I will grant Mr. Kazimu leave to proceed *in forma pauperis* and dismiss his Complaint on statutory screening pursuant to 28 U.S.C. § 1915. I will dismiss the claims against the Municipal Court of Philadelphia County and the Philadelphia Department of Prisons with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. I will dismiss all other claims without prejudice I will give Mr. Kazimu an opportunity to file an amended complaint as to any claims dismissed without prejudice in the event he can name proper defendants and plead additional facts that I have noted would be necessary. An appropriate order follows, with further information about amendment.

**BY THE COURT:**

*/s/ Joshua D. Wolson*

**JOSHUA D. WOLSON, J.**

October 8, 2026